# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Xsavier Rosa ("Rosa") on behalf of himself and the putative Rule 23 class action members ("Class Members") and the putative 29 U.S.C. § 216(b) collective action members ("Collective Members") that he represents (Rosa and Class Members collectively referred to herein as "Plaintiffs"), and Defendant Clark Equipment Company, ("Defendant") (Plaintiffs and Defendant collectively referred to herein as the "Parties").

## RECITALS

**WHEREAS**, Rosa filed a class/collective action Complaint ("Complaint") in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Rosa v. Clark Equipment Company*, Case No. 21-cv-1239, asserting, *inter alia*, claims against Defendant under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and companion state law claims pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), including WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.*, for the alleged failure to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes (the "Federal Lawsuit").

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the allegations raised in the Federal Lawsuit and those claims that could have been so asserted under the FLSA or companion state law claims pursuant to the WWPCL which might be brought pursuant to those facts alleged in the Complaint by Rosa or those hourly-paid, non-exempt employees whom Rosa seeks to represent; and

**WHEREAS**, bona fide disputes and controversies exist between Plaintiffs and Defendant as to the allegations in the Federal Lawsuit. Defendant denies all of the allegations asserted in the Complaint, and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Federal Lawsuit; nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Federal Lawsuit on the terms and conditions set forth in this Agreement; and

**WHEREAS**, Plaintiffs' Counsel, Walcheske & Luzi, LLC, among other things, analyzed and evaluated the merits of the claims made against Defendant in the Federal Lawsuit, conducted interviews with Rosa, engaged in informal written discovery, reviewed documents relating to Defendant's compensation policies and practices, analyzed payroll data, and, based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Federal Lawsuit, if not settled now, might not result in any recovery or might result in a less favorable recovery, and that any recovery would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Plaintiffs.

1

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Federal Lawsuit on the following terms and conditions.

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 "Class Members" means those Plaintiffs within the Settlement Class who do not submit a request for exclusion with Plaintiffs' Counsel within thirty (30) calendar days[1] following service of the Notice Packet.

1.2 "Collective Members" means those Plaintiffs within the Settlement Class who file an Opt-In Consent Form within thirty (30) days following service of the Notice Packet.

1.3 "Complaint" means the Complaint that was filed on October 25, 2021 with the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

1.4 "Court" means the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

1.5 "Defendant" means Clark Equipment Company and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in its individual and representative capacities.

1.6 "Defendant's Counsel" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.7 "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation applicable to the allegations of the Complaint and arising under this Agreement, including FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

1.8 "FLSA Collective" shall be comprised of all Collective Members.

1.9 "Gross Settlement Amount" means Twenty-Nine Thousand, Four Hundred and Seventy-Two Dollars and Thirty-One Cents ($29,472.31) which is the maximum amount that Defendant has agreed to pay to fully resolve and settle the Federal Lawsuit, and which includes any and all amounts to be paid to Plaintiffs, a Service Award to Named Plaintiff, an Individual Payment to Named Plaintiff, and any claim for attorneys' fees and costs, Defendant will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes.

---

[1] Any reference to days herein shall mean calendar days unless otherwise stated.

**1.10** "Individual Payment" shall mean the payment specified in Section 3.4.

**1.11** "Named Plaintiff" shall mean Xsavier Rosa, his spouse, children, representatives, heirs, administrators, executors, beneficiaries, conservators, assigns, or anyone who may make any claim through them by operation of law.

**1.12** "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, or allocations for attorneys' fees and costs for Plaintiffs' Counsel, a Service Award for Named Plaintiff, and an Individual Award to Named Plaintiff.

**1.13** "Notice Packet" collectively refers to: (a) the Notice of Class and Collective Action and Proposed Settlement; and (b) the Opt-In Consent Form, which shall be issued to each Settlement Class Member, in accordance with Section 2, and which is attached hereto as Exhibit B.

**1.14** "Notice Period" shall mean the period of thirty (30) days following service of the Notice Packet.

**1.15** "Order Granting Approval of Settlement" or "Approval Order" means an order to be entered by the Court that gives final approval to the Settlement and this Agreement, and enters Final Judgment, dismissing the Federal Lawsuit with prejudice.

**1.16** "Parties" collectively means the Named Plaintiff, individually and on behalf of the Collective Members and Class Members whom he seeks to represent, and the Defendant Clark Equipment Company.

**1.17** "Plaintiffs" means the Named Plaintiff, Class Members, and Collective Members.

**1.18** "Plaintiffs' Counsel" means Walcheske & Luzi, LLC.

**1.19** "Release" means the release and waiver of claims set forth in Section 4.

**1.20** "Releasees" means Defendant Clark Equipment Company and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.21** "Settlement," "Settlement Agreement," or "Agreement" means this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding the Federal Lawsuit which is subject to Court approval.

**1.22** "Settlement Effective Date" means a date which is thirty (30) days after the entry of Final Judgment in the Federal Lawsuit.

**1.23** "Settlement Check" means the check issued to each Plaintiff for his or her *pro rata* share of the Net Settlement Fund calculated in accordance with this Agreement.

1.24 "Settlement Check Void Date" means the one hundred and twenty (120) day period that a Plaintiff has to sign and cash a Settlement Check after it is received as defined in Section 2.4.

1.25 "Settlement Class" shall be comprised of all Settlement Class Members.

1.26 "Settlement Class Members" shall mean all current and former hourly-paid, non-exempt employees employed by Defendant in Johnson Creek, Wisconsin at any time since October 25, 2019 who received non-discretionary compensation in the form of a sign-on bonus in workweeks in which they worked in excess of forty (40) hours as identified in **Exhibit A**.

1.27 "Settlement Payments" means the settlement payment amount attributable to each Plaintiff, in accordance with Section 3.1 for the amounts reflected in **Exhibit A**.

1.28 "WWPCL Class" shall be comprised of all Class Members.

## 2. JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS

2.1 Binding Agreement. This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the Federal Lawsuit.

2.2 Preliminary Approval of Settlement.

1. Within thirty (30) days from the execution of this Agreement, Plaintiffs' Counsel shall file a Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement ("Approval Motion"). Plaintiffs' Counsel will provide Defendant's Counsel with a draft of the Approval Motion for review and comment as soon as practicable before filing it with the Court. With the Approval Motion, Plaintiffs' Counsel also will file this Agreement along with all Exhibits attached hereto. Among other things, the Approval Motion will ask the Court for:

   1. Preliminary approval of the settlement memorialized in this Agreement as fair, reasonable, and adequate;

   2. Certification of this case as a class action under FED. R. CIV. P. 23 for the purpose of settlement;

   3. Certification of this case as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement;

   4. Appointment of Named Plaintiff as the Class Representative and Collective Representative;

   5. Appointment of Walcheske & Luzi, LLC as Class Counsel pursuant to FED. R. CIV. P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

6.     Approval of the Notice Packet in the form of **Exhibit B** for distribution to all Settlement Class Members;

7.     A finding that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8.     A direction that each potential Settlement Class Member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

9.     A direction that each potential Settlement Class Member who wishes to be excluded from the WWPCL Class must comply with the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

10.     A direction that any Settlement Class Member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by the Settlement with respect to claims brought under the WWPCL in the event the Court issues a Final Order Approving Settlement;

11.     That a Fairness Hearing be held at the earliest convenient time for the Court, but in no event sooner than sixty (60) days after the close of the Notice Period, to determine whether this Agreement should be approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving Settlement should be entered;

12.     A direction that any Settlement Class Member who wishes to object in any way to the proposed Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than fourteen (14) days before the Fairness Hearing, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Settlement Class Member who has not properly served copies of his or her objections on a timely basis.

(B)     Mailing of Notice Packets.

Within ten (10) days of the Court entering an Order preliminarily approving this Agreement, Defendant will provide Plaintiff's Counsel with the last known addresses for each putative Settlement Class member. Within seven (7) days thereafter, Plaintiffs' Counsel will mail the Notice Packet to all putative Settlement

Class Members. Plaintiffs' Counsel will exclusively handle notice and administration of the settlement and settlement payments related to the Federal Lawsuit.

(C)   Objection to Settlement.

Any Settlement Class Member who intends to object to the fairness of the Agreement or of Plaintiffs' fee application must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to both Plaintiffs' Counsel and Defendant's Counsel.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Defendant and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Settlement Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(D)   Request for Exclusion.

Any Settlement Class Member who wishes to be excluded from the WWPCL Class must submit a request for exclusion postmarked no later than thirty (30) days after the mailing of the Notice Packet. Any Settlement Class Member who fails to submit a timely request to be excluded shall be a member of the WWPCL Class subject to and bound by this Agreement and every applicable order or judgment entered pursuant to this Agreement.

(E)   Fairness Hearing.

On the date set forth in the Preliminary Approval Order or by such other Order as the Court will provide, a Fairness Hearing shall be held at which the Court will decide whether to certify the WWPCL Class and decide whether to approve the Agreement as fair, reasonable, and adequate as to the WWPCL Class and FLSA Collective.

(F)   Entry of Judgment.

If this Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1. Certifying the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Named Plaintiff as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Agreement to be binding on the Parties;

6. Dismissing with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Dismissing without prejudice the WWPCL claims of the Settlement Class Members who properly and timely excluded themselves from the WWPCL Class in full accordance with the procedures set forth in this Agreement;

8. Dismissing without prejudice the FLSA claims of the Settlement Class Members who do not properly and timely include themselves in the FLSA Collective in full accordance with the procedures set forth in this Agreement;

**2.3** Within thirty (30) days after Final Judgment is entered, Defendant will deliver Settlement Checks, less all applicable withholdings as described in Section 3.4 below, to Plaintiffs' Counsel for distribution to members of the WWPCL Class and FLSA Collective.

**2.4** Once delivered to Plaintiffs' Counsel, the Settlement Checks will be forwarded to all Plaintiffs. Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendant will issue a stop payment order on all uncashed or returned checks. In the event that, before the close of the Settlement Check Void Date, Plaintiffs' Counsel becomes aware that a Plaintiff did not receive the Settlement Check, or if a Plaintiff reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiffs' Counsel shall so advise Defendant's Counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Plaintiff be issued a replacement check until any prior check sent to them has been cancelled.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Payments.

(A)    Defendant agrees to pay up to the maximum Gross Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to the Plaintiffs, Service Award, Individual Payment, and attorneys' fees and costs. Defendant will not be required to pay more than this amount under the terms of this Agreement, with the exception of Employer Payroll Taxes.

(B)    Any portion of the Net Settlement Fund that is allocated to Settlement Class Member who properly and timely exclude themselves from the WWPCL Class and/or who do not properly and timely opt-in to the FLSA Collective or is unclaimed by any Plaintiff who does not timely sign and cash a Settlement Check, shall remain with the Defendant. There shall be no reallocation of unclaimed settlement funds to Plaintiffs.

### 3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.

(A)    Defendant has agreed to pay the sum of Twenty-Six Thousand Dollars and Zero Cents ($26,000.00) from the Gross Settlement Amount as an award of attorneys' fees and case-related costs and expenses. Defendant stipulates and agrees that said fees and costs are reasonable and reflect Plaintiffs' actual fees incurred to date and a representative amount which the Parties expect Plaintiffs' Counsel to reasonably incur in prosecution of the Federal Lawsuit through completion. This payment shall constitute full satisfaction of any claim for attorneys' fees or costs, and Plaintiffs' Counsel, Named Plaintiff, Class Members, and Collective Members agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this case.

(B)    The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement.  The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Notwithstanding anything else in this Section 3.2, the Court's grant of the Approval Motion and entry of final judgment in the Federal Lawsuit are preconditions to payment of attorneys' fees and costs.

### 3.3    Service Award.

(A)    Defendant has agreed to pay the sum of Two-Thousand, Five Hundred Dollars and Zero Cents ($2,500.00) to Named Plaintiff from the Gross Settlement Amount for the services he rendered to the Plaintiffs ("Service Award"). Defendant stipulates and agrees that said Service Award payment is reasonable.

(B)     This Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff's recovery from the Net Settlement Fund as a Plaintiff. The substance of the Named Plaintiff's application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Notwithstanding anything else in this Section 3.3, the Court's grant of the Approval Motion and entry of final judgment in the Federal Lawsuit are preconditions to payment of the Service Award.

## 3.4    Individual Payment.

(A)     Defendant has agreed to pay the sum of Thirty-Four Dollars and Eighty Cents ($34.80) from the Gross Settlement Amount as a compromise of Named Plaintiff's individual wage claim brought solely on his own behalf in the Federal Lawsuit.

(B)     The Defendant stipulates and agrees that the amounts set forth in Paragraph (A) herein is payment as full resolution of a *bona fide* wage dispute between Defendant and Named Plaintiff as more specifically identified in his First and Third Claims for Relief which have been resolved on an individual basis. The Parties stipulate and agree that Named Plaintiff's First and Third Claims for relief are not appropriate for class or collective treatment pursuant to FED. R. CIV. P. 23 and 29 U.S.C. § 216(b). The Parties further stipulate and agree that the resolution of Named Plaintiff's First and Third Claims for relief on an individual basis is not antagonistic to the Settlement Class.

(C)     This Individual Payment and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff's recovery from the Net Settlement Fund as a Plaintiff. The substance of the Named Plaintiff's application for an Individual Payment is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for an Individual Payment shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Notwithstanding anything else in this Section 3.4, the Court's grant of the Approval Motion and entry of final judgment in the Lawsuit are preconditions to payment of an Individual Payment.

## 3.5    Distribution of Payments.

(A)     Payments pursuant to Sections 3.2, 3.3, and 3.4 shall be issued by Defendant to Plaintiffs' Counsel within ten (10) days after the Court's Approval Order is rendered.

(B)   Within thirty (30) days after the Court's Approval Order is rendered, Settlement Checks shall be served upon Plaintiffs' Counsel by Defendant. The Settlement Checks will be mailed promptly thereafter to Class Members and Collective Members by Plaintiffs' Counsel in accordance with Section 2.3.

(C)   The allocation to Class Members and Collective Members for their Settlement Payments will be made from the Net Settlement Fund for the gross amounts reflected on **Exhibit A**.

(D)   Tax Characterization of Payments.

    1.   Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding and be reported to the Internal Revenue Service ("IRS") and to Plaintiffs' Counsel on an IRS Form 1099.

    2.   Payment of a Service Award pursuant to Section 3.3 shall be made without withholding and be reported to the IRS and to Rosa on an IRS Form 1099.

    3.   Payment of the Individual Payment pursuant to Section 3.4, shall be treated as alleged wage relief. This gross payment shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2.  Defendant shall withhold payroll taxes and other lawful withholdings and will issue Plaintiff an IRS Form W-2.

    4.   Settlement Payments made from the Net Settlement Fund to each Plaintiff reflected on **Exhibit A** shall be treated as alleged wage relief. These gross payments shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2.  Defendant shall withhold payroll taxes and other lawful withholdings and will issue each Plaintiff an IRS Form W-2.

    5.   The Parties and their Counsel make no representations as to the taxability of any portions of the Settlement Payments to any Plaintiffs, the payment of any costs or award of attorneys' fees, or any payment to the Plaintiffs. Neither Plaintiff's Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

    6.   For individuals receiving a payment under this Agreement about whom Defendant has tax withholding information readily available in their payroll system, Plaintiffs agree that Defendant shall calculate tax withholding based on their last-filed IRS and Wisconsin Form W4s.  Plaintiffs further agree

that Defendant may use supplemental withholding, pursuant to IRS Publication 15 (Circular E) (2022) and Wisconsin Department or Revenue Publication W-166 (10/21), for any individual receiving a payment under this Agreement for whom Defendant does not have tax withholding information on file.

7.     The gross payments made pursuant to this Agreement shall not be deemed "compensation" for purposes of any qualified retirement plans or other benefit programs, and payment of these amounts does not entitle Plaintiffs to any other plan contributions for their benefit or account.

## 4.     RELEASE OF CLAIMS

**4.1**     <u>Release By Collective Members.</u>  Conditioned upon the Court's issuance of the Approval Order and the entry of Final Judgment, and in exchange for the monetary consideration recited in this Agreement, Named Plaintiff hereby agrees to dismiss the Federal Lawsuit with prejudice.  Upon negotiation of the Settlement Check and acceptance of their Settlement Payment, each Collective Member, including Named Plaintiff, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations, including, all claims for unpaid minimum and overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*

**4.2**     <u>Release By Class Members.</u>  Conditioned upon the Court's issuance of the Approval Order and the entry of Final Judgment, and in exchange for the monetary consideration recited in this Agreement, Rosa hereby agrees to dismiss the Federal Lawsuit with prejudice.  Upon negotiation of the Settlement Check and acceptance of their Settlement Payment, each Class Member, including Named Plaintiff, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations, including, all claims for unpaid minimum, agreed-upon, and overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.*

## 5.     VOIDING THE AGREEMENT

**5.1**     If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Approval Order in substantially the form submitted by the Parties, or fails to enter Final Judgment, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive.

**5.2**     A decision of the Court declining to approve any material condition of this Agreement which effects a fundamental change of the Parties' agreement (except as to any payment under Sections 3.2, 3.3, and 3.4), including but not limited to requiring that Defendant pay any amount in excess of the Gross Settlement Amount except as described herein, shall render the entire Settlement voidable and unenforceable as to all Parties at the option of either Party.  Each Party may exercise its option to void this Settlement by giving notice, in writing, to the other and to the Court within fifteen (15) days of the Court's disapproval of any material condition, but in no event at any time after the Approval Order.

**5.3**     In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties (a) must attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement.  In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the Federal Lawsuit will proceed as if no settlement had been attempted.  In that event, nothing in the Settlement or Agreement may be used by or against any Party under Rule 408 of the Federal Rules of Evidence.

**6.     PARTIES' AUTHORITY**

The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties (including all Plaintiffs, through their representation by Named Plaintiff and Plaintiffs' Counsel) hereto to the terms and conditions hereof.

**7.     MUTUAL COOPERATION**

**7.1**     The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and Defendant's counsel, take all necessary steps to secure the Court's approval of this Agreement.

**8.     NOTICES**

**8.1**     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs:

David M. Potteiger
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, WI 53005
dpotteiger@walcheskeluzi.com

To Defendant:

Keith E. Kopplin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
keith.kopplin@ogletree.com

## 9. NO ADMISSION OF LIABILITY

9.1 Defendant denies all of the allegations made by Named Plaintiff in the Complaint and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Federal Lawsuit on the terms and conditions set forth in this Agreement. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendant.

Plaintiffs agree and acknowledge that this Agreement is not, and shall not be alleged by them, or construed by anyone, to be an admission of any violation of any federal, state, or local statute, ordinance, or regulation, of the common law of any jurisdiction, of any duty owed by Defendant and/or the Releasees to Plaintiffs, or of any wrongdoing by Defendant and/or the Releasees whatsoever and that the sole purpose of this Agreement is to avoid the cost of further litigation.

9.2 The Parties agree that the stipulation of collective certification and class certification and stipulations regarding the class representative and class counsel are for settlement purposes only and if, for any reason, the Settlement is not approved, the stipulations will be of no force and effect. The Parties agree that certification for settlement purposes only is in no way an admission that collection or class certification is proper and that evidence of these stipulations for settlement purposes only will not be deemed admissible in this or any other proceeding.

## 10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

10.1 Parties' Agreement Regarding Non-Admissibility in Any Other Proceeding. Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussion, or communications exchanged in negotiations leading to the Agreement, are intended by the Parties to, nor shall they, constitute, be introduced, be used, or be admissible in any way in other action, or in any other judicial, arbitral, administrative,

investigative, or other proceeding whatsoever kind or nature as evidence of any violation of the common law of any jurisdiction; any federal, state, or local law, statute, ordinance, regulation, rule or executive order; or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used by the Parties in any proceeding to enforce the Agreement or in defense of all claims released or barred by this Agreement.

**10.2** Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.3** No Assignment. Plaintiffs' Counsel and Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Federal Lawsuit and any attempt to do so shall be of no force or effect.

**10.4** Entire Agreement. This Agreement, including its attached Exhibits, constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**10.5** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, Administrators, executors, beneficiaries, conservators, attorneys, assigns, or anyone who may make any claim through them by operation of law.

**10.5** Arms' Length Transaction; Materiality of Terms. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6** Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7** Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8** Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wisconsin, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9** Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

**10.10** Waivers, etc. to Be in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.11** Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.12** Facsimile, Electronic and E-mail Signatures. Any Party may execute this Agreement by signing or by causing its counsel to sign, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.13** Severability. Whenever possible, each provision of this Agreement will be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule, such invalidity, illegality, or unenforceability will not affect any other provisions, but this Agreement will be reformed, construed and enforced as if such invalid, illegal or unenforceable provision had not been contained in the Agreement. Nothing in this Section is intended to limit, modify, or supersede Plaintiff and/or Plaintiff's Counsel's obligations set forth in Section 2.2.

**10.14** Non-Publication. Plaintiffs' Counsel and Named Plaintiff agree to make no public comment, communications to the media, or any form of advertising or public announcement, including social media, regarding this Settlement. Nothing in this Section is intended to limit, modify, or supersede Plaintiff and/or Plaintiff's Counsel's obligations set forth in Section 2.2.

**10.15** No Press Release or Advertisement of Agreement. Neither Plaintiffs' Counsel, nor Named Plaintiff, will release a public statement regarding this Settlement, including but not limited to, through a press release or any other publicized written document or advertisement. If

Plaintiffs' Counsel and/or Named Plaintiff receive a request from a member of the press to comment on the Agreement, they will decline to comment.

10.16  Signatories.  This Agreement is valid and binding if signed by Defendant's authorized representatives and Rosa.

     **IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

**XSAVIER ROSA**

Date:  _7-25-22_

**CLARK EQUIPMENT COMPANY**

By:  _Winkelman_

Title:  _VP Human Resources_

Date:  _29 July 2022_

| First Name | Last Name | Settlement Award |
|---|---|---|
| John | Ganster | $9.38 |
| Erika | Villegas-Estrada | $7.50 |
| Zachary | Svendsen | $3.75 |
| Karrie | Houk | $3.75 |
| Javier | Arizmendi-Diaz | $3.75 |
| Heather | Lunsford | $7.50 |
| Roberto | Mendez | $3.75 |
| Austin | Schwoegler | $7.50 |
| Carter | Buchta | $7.50 |
| Kelly | Beilke | $7.50 |
| Joel | Landowski | $7.50 |
| Jackson | Palmer | $7.50 |
| Jacqueline | Peeper | $7.50 |
| William | Kletsch | $7.50 |
| Amanda | Kemppainen | $7.50 |
| Shawn | Jessie | $7.50 |
| Joseph | Saladino | $7.50 |
| David | Owen | $7.50 |
| Bryan | Medenwaldt | $7.50 |
| Owen | Donaldson | $7.50 |
| Alexander | Garcia | $7.50 |
| Elizabeth | Mendez | $7.50 |
| Cameron | Zablocki | $7.50 |
| Ashley | Dunham | $7.50 |
| Rodney | Rusch | $7.50 |
| Dean | Simmons | $7.50 |
| Dean | Rauls | $7.50 |
| Ryan | Kexel | $7.50 |
| Richard | Sirants | $7.50 |
| Tina | Thiakos | $7.50 |
| Stephen | Gipe | $7.50 |
| Robert | Provenzano | $7.50 |
| Jessica | Schaefer | $7.50 |
| Amber | Cumbie | $7.50 |
| Clarisa | Pineda | $7.50 |
| Joshua | Gallman | $7.50 |
| Wendy | Liss | $7.50 |
| Charles | Mueller | $7.50 |
| Michael | Crooker | $7.50 |
| Jessica | Sweezey | $7.50 |
| Mathew | Oliver | $7.50 |
| Scott | Luebke | $7.50 |
| Tina | Mathews | $7.50 |
| Victoria | Oliver | $7.50 |
| Cassandra | Sweezey | $7.50 |
| Andrew | Hayes | $7.50 |

| | | |
|---|---|---|
| Ethan | Bohmann | $7.50 |
| Dakota | Rennhack | $1.88 |
| Joshua | Garrity | $3.75 |
| Dustin | Nimmer | $15.00 |
| Ian | Bierke | $15.00 |
| Aaron | Erdmann | $15.00 |
| Lauren | Brown | $15.00 |
| Katy | Feil | $0.00 |
| Daniel | Hough | $15.00 |
| Jason | Grzelak | $15.00 |
| Paul | Blum | $0.00 |
| Emily | Bahr | $15.00 |
| Xsavier | Rosa | $7.50 |
| Kevin | Eason | $15.00 |
| Van | Stacker | $15.00 |
| Max | Rogers | $3.75 |
| Austin | Gruenwald | $15.00 |
| Anthony | Reinhold | $15.00 |
| Natalie | Lehman | $15.00 |
| Kevin | Clark | $15.00 |
| Berdette | Price | $15.00 |
| Sierra | Sims | $15.00 |
| Travis | Poster | $15.00 |
| Laurie | Mosher | $15.00 |
| Oscar | Olivares-Toscano | $15.00 |
| Chris | Schears | $15.00 |
| Dawn | Radke | $15.00 |
| Austin | Waldmann | $15.00 |
| Ajaih | Engstrom | $15.00 |
| Jennifer | Lilly | $15.00 |
| Cristal | Jackson | $3.75 |
| Jenny | Vogel | $15.00 |
| Sandra | Armentrout | $15.00 |
| Adam | Johnson | $15.00 |
| William | Butzine | $3.75 |
| Mary | Kralj | $15.00 |
| Arianne | Harried | $15.00 |
| Jackie | Bear | $15.00 |
| Catrina | Ortega | $7.50 |
| Jon | Hamilton | $15.00 |
| Michael | Renswick | $7.50 |
| Manuel | Mares-Mancillas | $7.50 |
| Angela | Mezera | $3.75 |
| Alexzander | Nordberg | $7.50 |
| Nicole | Powers | $3.75 |
| Scott | Steurer | $7.50 |
| Keith | Fryman | $7.50 |

| | | |
|---|---|---|
| Reece | Petrie | $7.50 |
| Gavin | Wendricks | $7.50 |
| Andrew | Hansen | $7.50 |
| Samantha | Yanny | $3.75 |
| Patrick | Laidig | $3.75 |
| Pat | Danner | $7.50 |
| Daniel | Bartel | $7.50 |
| Jonathan | Kluewer | $7.50 |
| Pamela | Evans | $7.50 |
| Marissa | Westaby | $3.75 |
| Chris | Miller | $3.75 |
| Juan | Sotelo | $3.75 |
| | | $937.51 |

**NOTICE OF CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT**

# If you worked as an hourly-paid, non-exempt employee for Clark Equipment Company since October 25, 2019, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.*

TO:     Certain current and former Hourly-Paid, Non-Exempt, Employees of Clark Equipment Company

RE:     Settlement of Claims for Alleged Unlawful Payment Practices

- Xsavier Rosa (the "Class Representative") filed a lawsuit in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Rosa v. Clark Equipment Company*, Case No. 21-cv-1239, asserting, *inter alia*, claims against Clark Equipment Company under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and companion state law claims pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), including WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.*, for the alleged failure to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes (the "Lawsuit").

- Clark Equipment Company denies the allegations but, to avoid costly and time-consuming litigation, entered into a Settlement Agreement and Release (the "Settlement") with the Class Representative.

- For settlement purposes, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Clark Equipment Company, as follows:

  - The following "Rule 23 Class" has been certified for state law claims:  all current and former hourly-paid, non-exempt employees employed at Clark Equipment Company in Johnson Creek, Wisconsin since October 25, 2019 and who earned non-discretionary compensation in the form of a sign-on bonus in workweeks in which said employee worked in excess of forty (40) hours.

  - The following "FLSA Collective" has been certified for federal law claims:  all current and former hourly-paid, non-exempt employees employed at Clark Equipment Company in Johnson Creek, Wisconsin since October 25, 2019 and who earned non-discretionary compensation in the form of a sign-on bonus in workweeks in which said employee worked in excess of forty (40) hours.

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Clark Equipment Company to resolve the Lawsuit (the "Settlement Fund").

**Your legal rights are affected, and you have a choice to make in this action now.**

| | |
|---|---|
| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice that were employed at Clark Equipment Company in Johnson Creek, Wisconsin at any time since October 25, 2019 are assumed to be members of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. If you were employed prior to and did not work at Clark Equipment Company after October 25, 2019, you cannot participate in the Rule 23 Class. |
| | If you are and wish to remain a member of the Rule 23 Class and do not additionally opt-into the FLSA Collective (described below) you will receive the Rule 23 Class Payment of as reflected in Exhibit A less applicable tax withholdings. |
| | Participation in the Rule 23 Class will release all Wisconsin wage payment collection law ("WWPCL") claims against Clark Equipment Company that arose since October 25, 2019 and the entry of Final Judgment. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective you must compete and return the "Opt-In Consent Form" by [**DATE**] (see Section 3, below). Failure to do so will make you ineligible for the FLSA Collective. |
| | If you timely complete and return the "Opt-In Consent Form" and join the FLSA Collective, you will receive an additional amount as reflected in Exhibit A, less applicable tax withholdings, in addition to any Rule 23 Class Payment amount you may be entitled to if you participate in the Rule 23 Class. |
| | Participation in the FLSA Collective will release all federal Fair Labor Standards Act ("FLSA") wage and hour claims against Clark Equipment Company that arose since October 25, 2018 and the entry of Final Judgment. |
| **EXCLUDE YOURSELF** | As described below, if you exclude yourself, you will not receive any funds from and will be unable to participate in the Settlement. If you choose this option, you will retain any rights you may have against Clark Equipment Company over the claims in this case and, if you choose to pursue them, may do so with counsel of your choice. |
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and you take no further action, you will remain a member of that Class and will receive the Rule 23 Class amount noted above and will be bound by the Settlement. |
| | If you do not qualify as a member of the Rule 23 Class and take no action, you will not be a part of this Lawsuit, you will not receive any funds from the Lawsuit, and you will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

**Your options are explained in this Notice. Please read it carefully.**

| |
|---|
| **1. What is this Lawsuit about?** |

The Class Representative brought this Lawsuit against Clark Equipment Company on behalf of himself and all other similarly situated hourly-paid, non-exempt employees of Clark Equipment Company employed since October 25, 2018. The Class Representative alleges that Clark Equipment Company failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes. The Lawsuit is currently pending before the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

Through the Lawsuit, the Class Representative sought to recover from Clark Equipment Company all unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs, on his behalf as well as on behalf of all other similarly situated hourly-paid, non-exempt employees. Clark Equipment Company denies all of the Class Representative's allegations, including that Clark Equipment Company violated the WWPCL or FLSA, and contends that its policies and practices were compliant with applicable local, state and federal laws at all times. Clark Equipment Company wishes to settle this Lawsuit, however, to avoid costly and time-consuming litigation and does not admit to any wrongdoing or liability.

The Court has not rendered any decisions or determination on the merits of the Class Representative's claims or Clark Equipment Company's defenses, and expresses no opinion on the merits of the Class Representative's claims or Clark Equipment Company's defenses.

The Class Representative and Clark Equipment Company have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as described above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

## 2. Payments Under the Settlement

For purposes of settlement, a Settlement Fund totaling Twenty-Nine Thousand, Four Hundred and Seventy-Two Dollars and Thirty-One Cents ($29,472.31) was created for payment: to each individual who participates in the Lawsuit (as explained above, as well as in Section 3); of a service payment to the Class Representative; and of Class Counsel's attorneys' fees and costs.

### Payments to Participants

The amounts of the monetary payments for which individuals who participate in the Lawsuit are eligible was determined by recalculating each putative class and collective members' compensation. Payments to participants are commensurate with the amount allegedly owed to putative class and collective members which varies based upon the amount of overtime said employee worked as well as the amount of additional compensation said employee received.

### Payment of Attorneys' Fees and Costs and Service Award

From the Settlement Fund the sum of Twenty-Six Thousand Dollars and Zero Cents ($26,000.00) shall be paid to Class Counsel to compensate them for their reasonable attorneys' fees and costs incurred in bringing this action. Further, Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00) shall be allocated to the Class Representative as a service award.

## 3. Your Right to Participate and the Effect On Your Legal Rights

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Clark Equipment Company cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

### Participate in the Rule 23 Class

For settlement purposes, the Rule 23 Class is a class comprised of all current and former hourly-paid, non-exempt employees employed at Clark Equipment Company in Johnson Creek, Wisconsin since October 25, 2019 and who earned non-discretionary compensation in the form of a sign-on bonus in workweeks in which said employee worked in excess of forty (40) hours.

All recipients of this Notice who were employed at any time since October 25, 2019 are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class.

Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**Participate in the FLSA Collective**

For settlement purposes, the FLSA Collective is a collective comprised of all current and former hourly-paid, non-exempt employees employed at Clark Equipment Company in Johnson Creek, Wisconsin since October 25, 2019 and who earned non-discretionary compensation in the form of a sign-on bonus in workweeks in which said employee worked in excess of forty (40) hours.

Individuals who wish to participate in the FLSA Collective in addition to the Rule 23 Class **must** opt-into the FLSA Collective by completing and returning the enclosed "Opt-In Consent Form" via U.S. mail, fax, or email, to Class Counsel:

|  |  |
|---|---|
| By Mail: | Walcheske & Luzi, LLC |
|  | 235 N. Executive Drive, Suite 240 |
|  | Brookfield, WI 53005 |
| By Fax: | 262-565-6469 |
| By Email: | contact@walcheskeluzi.com |

**You must return the "Opt-In Consent Form" on or before** [DATE].  Failure to return the completed form before the deadline will result in you being unable to join the FLSA Collective (but does not affect your participation in the Rule 23 Class, if you qualify as a member of the Rule 23 Class).

Should the Settlement be approved by the Court, participation in the FLSA Collective will result in your release of all federal law claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**If You Request to be Excluded**

If you qualify as a member of the Rule 23 Class (meaning you were an hourly-paid, non-exempt employee employed at Clark Equipment Company in Johnson Creek, Wisconsin since October 25, 2019 and who earned non-discretionary compensation in the form of a sign-on bonus in workweeks in which said employee worked in excess of forty (40) hours) and you do not want to participate in the Lawsuit whatsoever, you must submit a written request for exclusion.  To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Clark Equipment Company and job title(s); and, (iii) specifically state your desire to be excluded from the settlement in *Rosa v. Clark Equipment Company,* Case No. 21-cv-1239. If you exclude yourself, you will <u>not</u> receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state or federal law claims.

**You must send your request for exclusion on or before** [DATE] to the Plaintiffs' Counsel at the address: David M. Potteiger, Walcheske & Luzi, LLC, 235 N. Executive Dr., Suite 240, Brookfield, Wisconsin 53005.

If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment and Settlement.

**If You Object**

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement.  If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement, including Plaintiff's application for attorneys' fees with the Court on or before [DATE] and provide copies of the objection to: David M. Potteiger, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005, and to Keith E. Kopplin, Ogletree, Deakins, Nash, Smoak & Stewart,

P.C., 1243 North 10th Street, Suite 200, Milwaukee, Wisconsin 53205.  The objection shall state (i) your full name, address, and telephone number; (ii) your dates of employment at Clark Equipment Company and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

## 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

> Walcheske & Luzi, LLC
> 235 N. Executive Drive, Suite 240
> Brookfield, Wisconsin 53005
> Email: contact@walcheskeluzi.com
> Telephone: (262) 780-1953

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel.  **Do not contact the Court.**

## 5. The Fairness Hearing

A hearing will be held before the Hon. J.P. Stadtmueller, United States District Court for the Eastern District of Wisconsin (Milwaukee Division), 517 E. Wisconsin Ave. Milwaukee, Wisconsin 53202, on **[DATE and TIME]**. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and also to approve the enhancement payment and reimbursement of Class Counsel's attorneys' fees and costs. The time and date of this hearing may be changed without further notice.

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all FLSA Collective members and all Rule 23 Class members who do not exclude themselves. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6. Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section IV, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

# CONSENT TO JOIN FORM

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Defendant, Clark Equipment Company, for overtime wages brought in this action. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against Clark Equipment Company. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Xsavier Rosa as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, including settlement, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

**NAME**:
*Nombre*                           Print Name

**SIGNATURE**:
*Firma*                            Sign Name

**DATE**:
*Fecha*                            Date

**PLEASE RETURN TO**:              WALCHESKE & LUZI, LLC
*Favor de regresar esta forma a*:

**BY U.S. MAIL**                   235 N. Executive Drive, Suite 240
                                   Brookfield, Wisconsin 53005

                                   or

**BY FAX**                         (262) 565-6469

                                   or

**BY E-MAIL**                      contact@walcheskeluzi.com

**PLEASE COMPLETE AND RETURN WITH THE CONSENT TO JOIN FORM**

NAME: _____
*Nombre*

TELEPHONE NUMBER: _____
*Numero de telefono*

E-MAIL ADDRESS: _____
*Direccion de correo electronico*

ADDRESS: _____
*Domicilio*

CITY: _____ STATE:_____ ZIP CODE:_____
*Cuidad*                          *Estado*                  *Codigo postal*

DATES OF EMPLOYMENT: _____
*Fechas de empleo*

JOB POSITION(S): _____
*Puestos de trabajo*

HOURLY RATE OF PAY: _____
*Tarifa de pago*